## CITY OF DALLAS v. MENEZES.

### In re WHATLEY.

(Circuit Court of Appeals, Fifth Circuit. January 6, 1927.)

### No. 4734.

Bankruptcy ⬅314(6)—Trustee held bound to pay scheduled taxes due from bankrupt, though assessed in name of predecessor partnership (Bankruptcy Act, § 64, subd. a [Comp. St. § 9648]).

It is a duty imposed on a trustee by Bankruptcy Act, § 64 subd. (a) (Comp. St. § 9648), to pay all taxes due from bankrupt, and this applies to taxes scheduled by bankrupt, though assessed on the name of a partnership whose debts he assumed, and under which name he continued to do business.

Appeal from the District Court, of the United States for the Northern District of Texas; Edward R. Meek, Judge.

In the matter of O. F. Whatley, bankrupt; Sarah Cory Menezes, trustee. From an order disallowing its claim for taxes, the City of Dallas appeals. Reversed and remanded.

Jas. J. Collins, City Atty., and H. P. Kucera, Asst. City Atty., both of Dallas, Tex. (Hugh S. Grady and W. Hughes Knight, both of Dallas, Tex., on the brief), for appellant.

R. E. L. Saner and C. R. Winn, both of Dallas, Tex. (Chas. D. Turner and J. W. Rodgers, both of Dallas, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is an appeal from a judgment rejecting a claim of the city of Dallas for taxes due by O. F. Whatley, bankrupt, of whose estate appellee was trustee.

The material facts disclosed by the record are these. Whatley was a member of a partnership composed of himself, C. S. Staten, and William Doran, Jr., doing business in Dallas, Texas. Prior to 1920 Whatley acquired the interest of the other two partners, assumed the debts of the partnership, and continued business for his own account in the partnership name of the Hydropure, Compa-

ny. Taxes were assessed by the city of Dallas against the Hydropure Company for the years 1920–21. Thereafter Whatley was adjudicated bankrupt in his own name. He scheduled debts due by the partnership, and also scheduled the taxes due the city of Dallas for 1920–21 in the amount of $472.14. Two creditors, the Illinois Glass Company and the Joseph Schlitz Brewing Company, had claims against the Hydropure Company, and filed proofs of debt against Whatley, which were allowed. They alone participated in the dividend subsequently declared. When the trustee, Mrs. Menezes, was ready to declare a dividend, she made inquiry of the proper officer of Dallas as to any taxes assessed against Whatley, of which there were none, but did not make inquiry as to any taxes assessed against the Hydropure Company. She paid the taxes due the state and county listed on the schedule, did not pay the taxes listed as due the city of Dallas, and then distributed the assets of the estate. Thereafter the city of Dallas filed an opposition to the account and sought to prove her claim. The referee found that the trustee had no knowledge of the taxes assessed in the name of the Hydropure Company; that the taxes were assessed against the partnership of which Whatley was a member, and therefore could not be collected from his individual estate; and held that the trustee was not liable. On appeal to the District Court the order of the referee was affirmed.

It is the duty of the trustee to pay all taxes due by the bankrupt, not merely those assessed against him in his own name, before paying ordinary creditors, and he cannot close his eyes to the obvious, and take advantage of the failure to file a claim for the taxes. Section 64, subd. a, National Bankruptcy Act (Comp. St. § 9648). It is quite evident from what was before the referee and the trustee that Whatley was doing business for his own account in the name of the Hydropure Company. The referee was therefore in error in assuming that taxes assessed in the name of the Hydropure Company were assessed against the partnership, and not against Whatley personally. We think the trustee had notice that taxes were due to the city of Dallas by Whatley, and the slightest inquiry either of the taxing authorities or the bankrupt would have disclosed that they were assessed in the name of the Hydropure Company. In these circumstances the taxes should have been paid before distributing the estate to other creditors. It is not too late, perhaps, to require these creditors to make a refund of sufficient to liquidate the taxes,

but, if not, the trustee is personally liable, unfortunate though that may be.

It follows that the judgment appealed from must be reversed, and the case remanded for further proceedings in conformity with these views.

Reversed and remanded.