**Matter of Harvey Lee BARON, Bankrupt.**
**No. 28129.**

United States District Court
D. Connecticut.

Sept. 17, 1958.

George N. Wakelee, Newtown, Conn., for bankrupt.

Harry Silverstone, Asst. Atty. Gen., for State of Connecticut.

ANDERSON, District Judge.

Both the Internal Revenue Service of the United States and the Administrator of the Unemployment Compensation Division of Connecticut claimed liens against the Bankrupt's estate for unpaid taxes. The Referee in Bankruptcy found that the Administrator's lien was prior in time to the lien of the Internal Revenue Service; but he held that the State's lien was invalid against the trustee under Section 67, sub. c(2) of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. c(2), because it was on personal property unaccompanied by possession, levy, sequestration or distraint. Under a further provision of Section 67, sub. c(2), the trustee preserved the amount which the Administrator had claimed was subject to his lien for the benefit of the estate. This amount was then allocated to the unsatisfied claimants in the fourth priority in proportion to their claims. The United States was paid the remainder of the funds available for distribution in partial satisfaction of its income tax lien, which the trustee could not invalidate. The Administrator petitions for review of the Referee's decision invalidating his lien.

To begin with, contributions assessed against an employer pursuant to an Unemployment Compensation Act are treated as taxes under the Bankruptcy Act. In re Independent Automobile Forwarding Corp., 2 Cir., 1941, 118 F.2d 537; In re Siegelbaum's, Inc., D.C.Conn. 1941, 38 F.Supp. 1009. The question presented is whether a lien for taxes is a lien for "debts" within the meaning of Section 67, sub. c(2). In this case of first impression, the unfortunate ambiguity in the statute must be resolved. Although the legislative history is by no means clear, both the language of the Act and the policy underlying the Section require a finding that tax liens are not within the class of debt liens invalidated by Section 67, sub. c(2).

Section 67, sub. c(2) provides that "statutory liens created or recognized by the laws of any State for debts owing to any person, including any State or any subdivision thereof, on personal property not accompanied by possession of, or by levy upon or by sequestration or distraint of, such property, shall not be valid against the trustee * * *".

Section 1(14), by way of definition, states that " 'Debt' shall include any debt, demand, or claim provable in bankruptcy". This provision has been broadly interpreted in the light of related sec-

tions, and it cannot be doubted that a "debt" in general includes tax debts. See 1 Collier, Paragraph 1.14, page 81, note 8. However, Section 1 itself provides that the definitions contained therein shall yield to any particular provision where "inconsistent with the context."

The petitioner argues forcefully that the context of Section 67 demonstrates that the word "debts", as used there, does not include taxes. Section 67, sub. c(1), which subordinates certain statutory liens, includes "liens for *taxes or debts* owing to the United States or to any State or any subdivision thereof." (Emphasis supplied.) And Section 67, sub. b, which validates certain classes of statutory liens, speaks of "liens for *taxes or debts*." (Emphasis supplied.) Since Congress mentioned taxes apart from debts in these sections, it must have had the distinction in mind, and intended to exclude taxes, when it spoke only of debts in adding subdivision (2) to 67, sub. c in 1952. Support for this interpretation is found in MacLachlan, Bankruptcy (1956) 236. MacLachlan notes that a bill promoted by state tax authorities to make the distinction more explicit was introduced in 1954. H.R. 5796, 83rd Congress, 2d Session 1954.

■ Although this bill did not get through the Senate Judiciary Committee, it was passed by the House of Representatives. Analysis of H.R. Report No. 2212, 83rd Congress, 2d Session 1954 compels the conclusion that Congress never intended to include tax liens in Section 67, sub. c(2), and further, that a contrary interpretation would be out of harmony with the purpose of the section as enacted, and its place in the scheme of the Act. The purpose of 67, sub. c(2) was to invalidate against the trustee claims which were essentially priorities, but which States had labeled

"liens" in an effort to avoid the order of distribution established by Section 64, 11 U.S.C.A. § 104. The change was made largely for the sake of uniformity, for different states were making "lienors" of various types of creditors who were not within the class protected by Section 64. See Letter of M. B. Folsom, Acting Sec'y of the Treasury, H.R. Report No. 2212, supra, at page 6. Statutory liens for taxes, on the other hand, are found throughout the country, and equal priority for both State and Federal taxes has long been the rule under what is now subdivision (4) of Section 64, sub. a. In the light of this parity of treatment, it would take more than an obscure reference to "debts" to change this historic equality of status.

■ It would appear that the consequence of the decision will be to allow the state tax lien to participate in the estate, pursuant to Section 67, sub. c(1), after the first two Section 64 priorities are paid. A ruling that debts included taxes would subordinate tax liens to the third priority, and would put them on a par with non-liened tax claims in the fourth priority. No assertion is made that this tax lien is merely a disguised priority. Indeed, cases which distinguish liens from priorities recognize as a lien a right which attaches to specific property regardless of an act of insolvency. Strom v. Peikes, 2 Cir., 1941, 123 F.2d 1003; In re Brannon, 5 Cir., 1933, 62 F.2d 959; Note, 51 Yale L.J. 863, 867 (1942). By this standard, Conn.Gen.Stat. Section 7536 clearly creates a lien; and there is no reason, either in the language of the statute or in considerations of policy to deny the State the right to secure its tax debts.

The petition is allowed and the order of the Referee is reversed.