William J. ROCHELLE, Jr., Trustee in Bankruptcy of Major Appliance Company, Inc., Appellant,

v.

CITY OF DALLAS, Texas, Appellee.

No. 17405.

United States Court of Appeals Fifth Circuit.

Feb. 25, 1959.

Rehearing Denied April 15, 1959.

---

Hubert D. Johnson, Dallas, Tex., for appellant.

H. P. Kucera, City Atty., R. A. Mc-Bean and Ted P. MacMaster, Asst. City Attys., Dallas, Tex., for City of Dallas.

Before HUTCHESON, Chief Judge, and BROWN and WISDOM, Circuit Judges.

HUTCHESON, Chief Judge.

This is an appeal by the trustee in bankruptcy from an order of the district judge affirming an order of the Referee Elmore Whitehurst, which, over the trustee's objection that clause 2 of the 1952 Amendment to Sec. 67, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. c, rendered such claimed lien invalid as against him, allowed the claim of the City of Dallas for $2,911.16 for ad valorem taxes and approved it as secured by a valid lien.

Here the trustee, stating that he has found no reported decision of any federal district or appellate court which has passed on the precise question presented for decision here, argues that, on its face and by its plain terms, the invoked section includes, and invalidates, as to him, the City's claim.

The City, meeting the trustee's contention head on, relies strongly on the statute, the pertinent portion of which is set out in the margin,[1] and upon its established status as a lien holder.[2] Relying, too, on Section 67, sub. b of the

---

[1] "(c) Where not enforced by sale before the filing of a petition initiating a proceeding under this title, and except where the estate of the bankrupt is solvent: (1) though valid against the trustee under subdivision (b) of this section, statutory liens, including liens for taxes or debts owing to the United States or to any State or any subdivision thereof, on personal property not accompanied by possession of such property, and liens, whether statutory or not, of distress for rent shall be postponed in payment to the debts specified in clauses (1) and (2) of subdivision (a) of section 104 of this title and such liens for wages or for rent shall be restricted in the amount of their payment to the same extent as provided for wages and rent respectively in subdivision (a) of section 104 of this title; and (2) the provisions of subdivision (b) of this section to the contrary notwithstanding, statutory liens created or recognized by the laws of any State for debts owing to any person, including any State or any subdivision thereof, on personal property not accompanied by possession of, or by levy upon or by sequestration or distraint of, such property, shall not be valid against the trustee."

[2] In re Brannon, 5 Cir., 62 F.2d 959; City of Dallas v. Crippen, 5 Cir., 171 F.2d

Bankruptcy Act, which reads in part as follows:

"Where by such laws such liens are required to be perfected and arise but are not perfected before bankruptcy, they may nevertheless be valid if perfected within the time permitted by and in accordance with the requirements of such laws, except that if such laws require the liens to be perfected by the seizure of property, they shall instead be perfected by filing notice thereof to the court."

and on the opinion of Judge Anderson in The Matter of Baron, D.C., 165 F. Supp. 186, it insists that referee and district judge were right in holding that it had a good and valid claim and lien.

Agreeing with those who say of the statute that the scope of its coverage is far from crystal clear, we are nevertheless of the view that the referee and the district judge were right in holding as they did that the word "debt" in the invoked section was not intended to, and did not, include within its scope, and deny validity to, the City's claim of tax and lien.

In a carefully prepared opinion, citing the cases set out in note 2, supra, holding that the City of Dallas has a real lien existing from January 1st of each year until the taxes are paid and that neither recordation, seizure, nor any other act is required to fix and give notice of the lien, the referee approached the question for decision with recognition of the fact, that while the terms "debts" and "taxes" are sometimes used by lawmakers as interchangeable and as inclusive each of the other, generally speaking they are not so used, and that the language of the amendment has therefore been characterized by text writers and others as unsatisfactory, if not ambiguous.

So approaching the construction he quite correctly concluded *that, though the word "debt" used in a statute is at* times *broad enough to include a tax, in this instance the context seems to permit if not to require the construction that the use of the word "debts" does not include taxes.* Pointing out that there are, or may be, debts due states and subdivisions of states which are not true liens and which they may secure by liens, such as assessments for paving or other improvements, and such debts and liens would be invalidated by the language, the referee, rejecting the contention that if taxes are excluded from the amendment, the reference to states and subdivisions would thereby be rendered meaningless, announced the firm conclusion that taxes are not dealt with in the section. Stating:

"It seems to me that in the absence of a definite expression of legislative intent by congress to change a previously existing rule in a substantial way, that interpretation of statutory language, if it is a permissible interpretation, should be adopted which makes the least change in the previously settled law."

he concludes that the invoked section does not invalidate the city's lien and that the objection of the trustee should be overruled.

The district judge, in affirming the referee's order, states:

"Our legislative bodies have quite uniformly treated the subject of taxes in separate columns, titles and chapters from those obligations of man designated as 'debts'. The amendment in question makes no reference whatever to taxes. Taxes are ordinarily as in this case made a lien as a matter of law while a debt due for labor or material, for instance, must be filed and a record made of the claim. An overt act is required of claimant. Not so in case of claim for taxes.

526; Brans v. City of Dallas, 5 Cir., 217 F.2d 640; Urbish v. City of Dallas, Tex. Civ.App., 260 S.W.2d 148; Exchange

Bank & Trust Co. v. Tubbs, 5 Cir., 246 F.2d 141.

"To merge claims for debts and taxes in one common category would render taxes uncollectible in cases of this type, or at least require the City to foresee the faltering steps of the taxpayer and run a race with other creditors to be first to get possession by consent, attachment or some drastic ancillary process. We think clearly that the purpose of the amendment did not contemplate such."

Judge Anderson, of the United States District Court for the District of Connecticut, in The Matter of Baron, 165 F.Supp., 186, supra, takes the same position and gives expression to substantially the same view.

For the reasons stated by them and for the additional reasons following, we agree with these views. Recourse to any work of reference dealing with words and their meaning, including particularly Words and Phrases, Vol. 11, "Debt", at pages 278 to 286,[3] where numerous instances in point appear, will show that while occasionally the words "debts" and "taxes" are used interchangeably, ordinarily this is not so. Indeed in most instances they are used distinctively. This established, it follows that to support a construction of a statute that the word "debt" includes taxes, there must be some reason shown to so read a statute other than the fact that sometimes the word "debt" will include taxes. This reason must be sought in the purpose of the statute, that is the mischief sought to be prevented and the appropriate means to achieve that end. The mischief here, it seems clear to us, was to protect creditors of the bankrupt against secret or hidden liens for the security of debts. The means was to invalidate them as against the trustee. The City's lien asserted here is not a secret or hidden lien, and is, therefore, we think, not within the mischief to be prevented. On the contrary, the law which gives the lien at once puts the prospective purchaser of, or dealer with, property on notice to inquire, and furnishes him with the means to find out, if and what taxes are due and owing. Fischer v. Rio Tire Co., Tex. Com.App., 65 S.W.2d 751; City of Dallas v. Menezes, 5 Cir., 16 F.2d 779; Remington on Bankruptcy, Vol. 4, Sec. 1637.1.

The judgment was right. It is affirmed.

---

3. After quoting from numerous cases holding "Generally, 'tax' is not 'debt' in ordinary sense of word", Forest City Mfg. Co. v. Levy, Mo., 33 S.W.2d 984; the text, on page 285, under the heading "The term 'debt' in its ordinary sense does not include a tax", collects and cites a long list of cases in point.