

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

July 26, 1990

Honorable Randy M. Phillips
Lipscomb County Attorney
Box 348
Booker, Texas  79005

Opinion No.  JM-1193

Re:  Authority of a county to pay its employees who are indebted to the county for property taxes  (RQ-1826)

Dear Mr. Phillips:

You advise that certain county employees are delinquent in paying ad valorem taxes owed to the county, and that these employees are making periodic payments on the taxes owed.  You ask whether section 154.025 of the Local Government Code prohibits the payment of salaries of county employees or elected officials who owe taxes to the county if the employees or elected officials have made arrangements with the county to make periodic payments to retire the obligation.

Section 154.025 of the Local Government Code reads as follows:

> A warrant may not be drawn on a salary fund in favor of a person, or an agent or assignee of a person, who is indebted to the state, the county, or the salary fund.

The attorney general responded to a similar question in Attorney General Opinion O-5249 (1943).[1]  In Attorney General Opinion O-5249 the question posed was whether article 4350, V.T.C.S., prohibited the comptroller from issuing a warrant to a person against whom the state had an

_____

1.  Debt as a bar to the issuance of government warrants, and the determination of when such indebtedness exists has been discussed in a number of attorney general opinions over the years.  See, e.g., Attorney General Opinions JM-255 (1984); MW-416 (1981); Letter Advisory No. 57 (1973); WW-1504 (1962); WW-671 (1959); V-1113 (1950); O-4655 (1942).

outstanding judgment for delinquent tax payments. At the time Attorney General Opinion O-5429 was issued article 4350 read as follows:

> No warrant shall be issued to any person indebted to the State, or to his agent or assignee, until such debt is paid.

The attorney general held that the term "debt," as ordinarily used, did not include a tax, and that consequently, the comptroller was not authorized to withhold a warrant on this basis. In so holding, the attorney general was in line with the preponderance of precedent in American courts. See Words and Phrases, "Debt," (West 1971). But cf. Price v. United States, 269 U.S. 492 (1926).[2] Texas courts have also held that, ordinarily, "debt" does not include taxes. Brooks v. Brooks, 515 S.W.2d 730, 733 (Tex. Civ. App. - Eastland 1974, writ ref'd n.r.e.). In Rochelle v. City of Dallas, 264 F.2d 166 (5th Cir. 1955) cert. denied, 361 U.S. 828 (1959), the court stated:

> [W]hile occasionally the words "debts" and "taxes" are used interchangeably, ordinarily this is not so. Indeed in most instances they are used distinctively. This established, it follows that to support a construction of a statute that the word "debt" include taxes, there must be some reason shown to so read a statute other than the fact that sometimes the word debt will include taxes. This reason must be sought in the purpose of the statute, that is the mischief sought to be prevented and the appropriate means to achieve that end.

---

2. In holding that "debt" included taxes owed the United States for purposes of the priority of federal claims, the court in Price stated: "The meaning properly to be attributed to that word depends upon the connection in which it is used in the particular statute and the purpose to be accomplished." 269 U.S. at 500. The statute construed in Price, the former R.S. 3466, now appears as 31 U.S.C. § 3713(a) and uses the word "claim."

The purpose of section 154.025 of the Local Government Code is to insure payment of obligations owing to the county. <u>Rains v. Mercantile Nat'l Bank at Dallas</u>, 188 S.W.2d 798, 804 (Tex. Civ. App. - El Paso 1945) (construing section 7 of predecessor article 3912e) <u>aff'd</u>, 191 S.W.2d 850, 854 (Tex. 1946). While such a purpose could as easily apply to delinquent taxes as to any other obligation, we have no basis for finding that the legislature meant the word "indebted" in section 154.025 of the Local Government Code to have a more inclusive meaning than it would ordinarily have. To the contrary, we note the legislature has, with regard to other legislation, affirmatively indicated by the use of express language its intent to include delinquent taxes as a bar to the issuance of government warrants.

For example, article 4350, quoted above, was amended by House Bill 2067 in 1977 to read:

> No warrant shall be issued to any person indebted <u>or owing delinquent taxes</u> to the State, or to his agent or assignee, until such debt <u>or taxes</u> are paid.

Acts 1977, 65th Leg., ch. 682, § 1, at 1715 (emphasis added to show 1977 changes).[3] The bill analysis of House Bill 2067 states:

> <u>Background</u>:
> The state treasurer under present law may withhold warrants from persons indebted to the state.
>
> <u>Purpose</u>:
> This bill enables the state treasurer to withhold warrants from persons owing delinquent taxes.

---

3. Article 4350 was subsequently amended in 1983 to prohibit the issuance of a warrant to a person owing delinquent taxes on any tax administered or collected by the comptroller. Acts 1983, 68th Leg., ch. 100, at 499. In 1987, article 4350 was codified into the Government Code where it now appears as section 403.055. Acts 1987, 70th Leg., ch. 147, § 1, at 333.

The 1977 amendment to article 4350 indicates recognition by the legislature that the term "indebted" in the original version of the statute did not include obligations for delinquent taxes. As the legislature has not enacted an analogous amendment to section 154.025 of the Local Government Code, we conclude that the term "indebted" as used in that statute does not include outstanding tax obligations.[4]

In conclusion, section 154.025 of the Local Government Code does not prohibit a county from paying the salaries of county employees or elected officials who are delinquent in ad valorem tax obligations. As this resolves your question, we need not consider under what circumstances, if any, an agreement to make periodic payments could be considered a discharge of indebtedness for purposes of Local Government Code section 154.025.

## S U M M A R Y

Section 154.025 of the Local Government Code does not prohibit a county from paying the salaries of county employees or elected officials who are delinquent in ad valorem tax obligations.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

---

4. The source law for section 154.025, former section 7 of article 3912e, was slightly reworded when included in the Local Government Code, but no substantive change was made. Acts 1987, 70th Leg., ch. 149, §§ 1, 51 at 936, 1308.

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by John Steiner
Assistant Attorney General