ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

February 16, 2007

The Honorable Mike Stafford
Harris County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002

Opinion No. GA-0518

Re: Whether delinquent property taxes not reduced to judgment constitute indebtedness under sections 154.045 and 262.0276 of the Local Government Code (RQ-0516-GA)

Dear Mr. Stafford:

Section 154.045 of the Local Government Code generally prohibits larger counties from disbursing county funds to persons indebted "to the state, the county, or a salary fund." *See* TEX. LOC. GOV'T CODE ANN. § 154.045 (Vernon 1999). Section 262.0276 of the same code authorizes a procedure for counties "to refuse to award a contract to or enter into a transaction with an apparent low bidder or successful proposer that is indebted to the county." *See id.* § 262.0276(b) (Vernon 2005). You ask whether delinquent property taxes not reduced to judgment constitute indebtedness under either section 154.045 or 262.0276 of the Local Government Code.[1] You also ask whether either of these sections requires "general obligations" other than taxes "to be reduced to judgment before becoming 'debt.'" Request Letter, *supra* note 1, at 1.

The ultimate purpose of statutory construction is to ascertain and give effect to the Legislature's intent. *See McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003). Courts generally begin with the plain and common meaning of a statute's words. *See id.* Unambiguous statutory language should be interpreted according to its plain meaning. *Id.* But undefined terms must not be given a meaning that is out of harmony or inconsistent with other provisions of the statute. *Id.* And a court may consider aids to construction such as a statute's preamble and legislative history, its object, and the consequences of a particular construction. *See id.; see also* TEX. GOV'T CODE ANN. § 311.023(1), (3), (5), (7) (Vernon 2005) (Code Construction Act aids to construction).

Texas courts have long observed that the word "debt" does not have a single fixed meaning and thus must be construed in the context of the language of the particular statute under consideration. *See, e.g., Reconstr. Fin. Corp. v. Gossett*, 111 S.W.2d 1066, 1073 (Tex. 1938) (stating that "debt" has been defined differently due to the subject matter of the statutes in which it has been used); *McNeill v. City of Waco*, 33 S.W. 322, 323 (Tex. 1895) (the meaning of "debt" in different statutes and constitutions varies from the very restricted to the very general); *Wilburn v.*

---

[1]*See* Letter from Honorable Mike Stafford, Harris County Attorney, to Honorable Greg Abbott, Attorney General of Texas (July 31, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

*State*, 824 S.W.2d 755, 759 (Tex. App.—Austin 1992, no writ) (stating that "[t]he meaning of the term 'debt', as used in a particular statute, is to be determined by construction"). In a broad sense, a "debt" is a "specified sum of money owing to one person from another." *Seay v. Hall*, 677 S.W.2d 19, 23 (Tex. 1984) (quoting BLACK'S LAW DICTIONARY 363 (5th ed.1979));[2] *Cain v. State*, 882 S.W.2d 515, 516 n.1 (Tex. App.—Austin 1994, no writ) ("debt" is ordinarily a legally enforceable obligation "for a sum certain in money"). A number of courts have held, however, that because taxes are not in the nature of contractual obligations, they are not a "debt" in the ordinary sense of the word. *See, e.g., Jones v. Williams*, 45 S.W.2d 130, 136–37 (Tex. 1931) (holding that "taxes are not debts in the ordinary sense of contractual obligations" but are "impositions by governmental authority"); *Wisenbaker v. State*, 860 S.W.2d 681, 688 (Tex. App.—Austin 1993, pet. ref'd) (punishment for failure to remit motor fuel taxes is not imprisonment for "debt" because it is not a "liability to pay money growing out of contract"); *Wilburn*, 824 S.W.2d at 760 ("A tax is not a debt in the ordinary sense of the word, because taxes are not contractual obligations . . . .") (citing *Jones*, 45 S.W.2d at 136–37); *see also Dallas Joint Stock Land Bank v. Ellis County Levee Improvement Dist. No. 3*, 55 S.W.2d 227, 229 (Tex. Civ. App.—El Paso 1932, no writ) (claim against state or municipality may not be offset against taxes because taxes are not debt in the word's usual and ordinary sense). "Nevertheless, a tax is considered a liability or obligation, and may be a debt under a particular statute . . . ." *Wilburn*, 824 S.W.2d at 760. We find that these statements are best harmonized in accordance with the following:

> [W]hile occasionally the words 'debts' and 'taxes' are used interchangeably, ordinarily this is not so. Indeed in most instances they are used distinctively. This established, it follows that to support a construction of a statute that the word 'debt' includes taxes, there must be some reason shown to so read a statute other than the fact that sometimes the word 'debt' will include taxes. This reason must be sought in the purpose of the statute, that is the mischief sought to be prevented and the appropriate means to achieve that end.

*Rochelle v. City of Dallas*, 264 F.2d 166, 169 (5th Cir. 1959).

With these principles in mind, we begin with section 154.045 of the Local Government Code, which provides in its entirety:

> If a notice of indebtedness has been filed with the county auditor or county treasurer evidencing the indebtedness of a person to the state, the county, or a salary fund, a warrant may not be drawn on a county fund in favor of the person, or an agent or assignee of the person, until the person owing the debt is notified that the debt is outstanding and the debt is paid.

TEX. LOC. GOV'T CODE ANN. § 154.045 (Vernon 1999). Section 154.045 is located in chapter 154, which regulates the compensation of district, county, and precinct officials on a salary basis. *See id.*

---

[2]*Superseded by statute on other grounds by Palmer v. Coble Wall Trust Co.*, 851 S.W.2d 178, 181 (Tex. 1992).

§§ 154.001–.046 (Vernon 1999 & Supp. 2006); *see also* TEX. CONST. art. XVI, § 61 (requiring certain officers to be compensated on a salary basis rather than a fee basis). Section 154.045 applies to counties with a population of more than 190,000. TEX. LOC. GOV'T CODE ANN. §§ 154.041, .045 (Vernon 1999). A virtually identical provision, section 154.025, applies to counties with a population of 190,000 or less. *See id.* §§ 154.021, .025.

No court has considered whether delinquent taxes are debt for warrant withholding purposes under chapter 154 of the Local Government Code or the warrant withholding statute applicable to the state, section 403.055 of the Government Code. *See* TEX. GOV'T CODE ANN. § 403.055 (Vernon 2005). A long line of opinions of this office, however, have determined that a delinquent tax is not a debt for which a county or state warrant may be withheld. *See, e.g.,* Tex. Att'y Gen. Op. Nos. JM-1193 (1990) at 2–4, O-5249 (1943) at 3–4, O-1089 (1939) at 3–5. In 1939, the attorney general determined that a county auditor did not have the authority to hold up claims of persons who were delinquent in paying ad valorem taxes. *See* Tex. Att'y Gen. Op. No. O-1089 (1939) at 3–5. That opinion noted that courts do not allow a claim against the state or a local government to offset a tax demand, because "[a] tax is not a debt in the usual and ordinary sense of the word." *Id.* at 3 (quoting *Dallas Joint Stock Land Bank*, 55 S.W.2d at 229). Additionally, the opinion observed that withholding a warrant for delinquent taxes would deprive the taxpayer of the statutory procedure for collecting ad valorem taxes. *Id.* at 3.

In JM-1193, the attorney general concluded that section 154.025 of the Local Government Code does not preclude a county from paying salaries to employees or officials who are delinquent in their ad valorem tax obligations. *See* Tex. Att'y Gen. Op. No. JM-1193 (1990) at 4. The opinion relied in main part on Texas cases holding that debt ordinarily does not include tax obligations. *See id.* at 2 (citing *Brooks v. Brooks*, 515 S.W.2d 730, 733 (Tex. Civ. App.—Eastland 1974, writ ref'd n.r.e.), and quoting *Rochelle*, 264 F.2d at 169). The opinion was followed by JC-0087, in which the attorney general concluded that delinquent taxes may not be debt but that a judgment for delinquent taxes establishes a debt under section 154.025 of the Local Government Code. *See* Tex. Att'y Gen. Op. No. JC-0087 (1999) at 2–3.[3]

Both sections 154.025 and 154.045 derive from the same 1935 enactment. *See* Act of Nov. 14, 1935, 44th Leg., 2d C.S., ch. 465, § 19(m), 1935 Tex. Gen. Laws 1762, 1781. Neither the plain language nor the history of these two sections provides a basis for concluding that the word "debt" in section 154.045 should be construed more expansively to include delinquent taxes not reduced to judgment. *See Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002) ("Statutory terms should be interpreted consistently in every part of an act."). Moreover, a court is unlikely to depart from the longstanding construction of "debt" in the warrant withholding statutes. *See Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 176 (Tex. 2004) ("If an ambiguous statute that has been . . . given a longstanding construction by a proper administrative officer is re-enacted without substantial change, the Legislature is presumed to have

---

[3]*But see* Tex. Att'y Gen. Op. No. O-5249 (1943) (determining that comptroller could not withhold state warrant because of judgment for delinquent unemployment taxes).

been familiar with that interpretation and to have adopted it.");[4] *see also S. Tex. Coll. of Law v. Tex. Higher Educ. Coordinating Bd.*, 40 S.W.3d 130, 137 n.1 (Tex. App.—Austin 2000, pet. denied) (stating that while attorney general opinions are not binding on courts, numerous attorney general opinions construing a statute are particularly persuasive when there "is otherwise limited authority"). We conclude that under section 154.045 of the Local Government Code delinquent taxes that have not been reduced to judgment are not "debt" that precludes a county from disbursing funds to a person indebted to the county.

We next consider the meaning of "indebted" in section 262.0276 of the Local Government Code. Unlike sections 154.045 and 154.025, which have remained largely unchanged since they were enacted in 1935, section 262.0276 was only recently added to the Local Government Code in 2003. *See* Act of May 9, 2003, 78th Leg., R.S., ch. 156, § 2, 2003 Tex. Gen. Laws 230, 231. Section 262.0276 is located in the County Purchasing Act, chapter 262, subchapter C of the Local Government Code, which concerns county purchasing by competitive bidding. *See* TEX. LOC. GOV'T CODE ANN. §§ 262.021–.036 (Vernon 2005). Contracts subject to subchapter C generally must be awarded "to the responsible bidder who submits the lowest and best bid." *Id.* § 262.027(a)(1). The subchapter allows a county to take certain factors other than price into consideration, such as a bidder's safety record and employee health insurance coverage. *See id.* §§ 262.0271, .0275. Pertinent here, section 262.0276 allows a commissioners court to reject an apparent low bid because the bidder is "indebted to the county" by adopting rules to that effect:

> (a) By an order adopted and entered in the minutes of the commissioners court and after notice is published in a newspaper of general circulation in the county, the commissioners court may adopt rules permitting the county to refuse to enter into a contract or other transaction with a person indebted to the county.

> (b) It is not a violation of this subchapter for a county, under rules adopted under Subsection (a), to refuse to award a contract to or enter into a transaction with an apparent low bidder or successful proposer that is indebted to the county.

> (c) In this section, "person" includes an individual, sole proprietorship, corporation, nonprofit corporation, partnership, joint venture, limited liability company, and any other entity that proposes or otherwise seeks to enter into a contract or other transaction with the county requiring approval by the commissioners court.

*Id.* § 262.0276(a)–(c).

---

[4]Subsequent to the attorney general opinions concluding that delinquent taxes were not debt, the Legislature reenacted the warrant withholding statutes at issue here without substantial change. *See* Act of November 14, 1935, 44th Leg., 2d C.S., ch. 465, § 19(m), 1935 Tex. Gen. Laws 1762, 1781, *amended by* Act of May 1, 1987, 70th Leg., R.S., ch. 149, § 1, sec. 154.045, 1987 Tex. Gen. Laws 707, 937 (providing "a nonsubstantive revision of the statutes relating to local government"); *amended by* Act of May 17, 1989, 71st Leg., R.S., ch. 1155, 1989 Tex. Gen. Laws 4761, 4761; *amended by* Act of May 6, 1997, 75th Leg., R.S., ch. 139, § 2, 1997 Tex. Gen. Laws 282, 283 (now TEX. LOC. GOV'T CODE ANN. § 154.045 (Vernon 1999)).

Chapter 262 does not define "indebted" or any related word. *See id.* §§ 262.001–.036. The Seventy-eighth Legislature enacted section 262.0276 in Senate Bill 850. *See* Act of May 9, 2003, 78th Leg., R.S., ch. 156, § 2, 2003 Tex. Gen. Laws 230, 231. The act's caption and preamble reveal that it is intended to apply to delinquent taxpayers: "AN ACT relating to allowing local governments and school districts to prohibit contracts or other transactions with delinquent taxpayers." *Id.* at 230. And nothing in section 262.0276 or its history suggests that to constitute an indebtedness under the statute, a "delinquent" tax must be reduced to judgment. To the contrary, ad valorem taxes need only to be unpaid as of a certain date to be considered delinquent. *See* TEX. TAX CODE ANN. § 31.02(a) (Vernon Supp. 2006) (ad valorem property taxes "are delinquent if not paid before February 1 of the year following the year in which imposed"); *see also id.* § 33.41(a) (Vernon 2002) (a suit to collect property taxes may be filed at any time after the "tax on property becomes delinquent"). Furthermore, the analysis of the bill as enrolled states that the intent is to include bidders who owe back taxes:

> Texas cities, counties, and school districts are prohibited from taking into consideration anything other than general qualifications and price in awarding bid contracts. However, some bidders who have been awarded contracts owe the city, county, or school district back taxes. S.B. 850 allows cities, counties, and school districts to consider whether a bidder has paid their ad valorem taxes to the entity seeking the bid proposal and to refuse to contract with a person or firm so indebted.

TEX. SENATE COMM. ON INTERGOVERNMENTAL RELATIONS, BILL ANALYSIS, Tex. S.B. 850, 78th Leg., R.S. (2003). The fact that an express purpose of the statute is to allow counties and other local entities to withhold contracts from persons who have not paid their ad valorem taxes provides sufficient reason to interpret "indebted" in section 262.0276 to include taxes not reduced to judgment. Consequently, a delinquent tax obligation, although not reduced to judgment, constitutes "debt" under section 262.0276 of the Local Government Code.

Finally, you ask whether either section 154.045 or 262.0276 of the Local Government Code requires "general obligations" other than taxes "to be reduced to judgment before becoming 'debt.'" Request Letter, *supra* note 1, at 1. Both sections assume the existence and establishment of a debt. *See* TEX. LOC. GOV'T CODE ANN. § 154.045 (Vernon 1999); *id.* § 262.0276 (Vernon 2005). Obtaining a judgment is but one means of establishing an indebtedness. As this office explained in connection with the state's warrant withholding statute, a debt also may be established by agreement or contract, by the terms of a statute, or "by some other lawfully effective means." *See* Tex. Att'y Gen. Op. No. MW-416 (1981) at 3 (emphasis omitted); *see also* Tex. Att'y Gen. Op. No. JC-0087 (1999) at 2 (while delinquent taxes are not debt, obtaining a judgment for delinquent taxes establishes a debt). Consequently, whether a particular obligation other than delinquent taxes has been established as "debt" under section 154.045 or 262.0276 without reducing it to judgment depends on the nature of the obligation.

## S U M M A R Y

Under section 154.045 of the Local Government Code, delinquent taxes that have not been reduced to judgment are not "debt" that precludes a county from disbursing funds to a person indebted to the county. For purposes of section 262.0276 of the Local Government Code, a person "indebted to the county" includes a person who owes the county delinquent taxes, regardless of whether the taxes have been reduced to judgment. Whether a particular obligation other than delinquent taxes is "debt" under section 154.045 or 262.0276 without reducing it to judgment depends on the nature of the obligation.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee